## Garrubba v. Garrubba

*Frederick N. Frank,* for plaintiff.
*Maurice A. Nernberg,* for defendant.

WETTICK, *A.J.,* August 4, 1987—Under a May 30, 1986, order of court, Nicholas A. Garrubba was to make alimony pendente lite payments of $545 per month. He failed to make any payments. Catherine T. Garrubba filed a petition for contempt which was heard before this member of the court. On February 10, 1987, this court entered an order adjudicating the husband to be in contempt of court for failure to make payments. That order provided that the husband could purge himself of contempt by paying arrears of $4,000 to this court by noon on February 13, 1987. This court further ordered that:

"Counsel fees and costs of $9,000 are awarded to Catherine Garrubba. Nicholas Garrubba shall pay these fees and costs within 45 days. If he fails to do so, the prothonotary shall enter a judgment against Nicholas Garrubba upon praecipe of Catherine Garrubba."

Following the entry of the February 10, 1987, order, the husband purged himself of contempt by making the $4,000 payment. However, he did not pay any counsel fees and costs. In accordance with the February 10, 1987, order, upon praecipe of the wife, judgment was entered against the husband and in favor of the wife in the sum of $9,000 on April 7, 1987.

The husband filed an appeal to the Superior Court from the February 10, 1987, order and the April 7, 1987, judgment. By order dated April 10, 1987, the husband was ordered pursuant to Pa.R.A.P. 1925(b) to file a concise statement of the matters complained of in the appeal. In his statement of matters complained of on appeal, the husband objects only to the award of $9,000 in counsel fees.

I.

The husband contends that the counsel fee award of $9,000 was excessive because the amount of this award substantially exceeded the amount of the wife's claim (at the time of the hearing, the wife contended that the husband owed $4,000 under the May 30, 1986, order).

This argument is without merit. The husband's failure to pay coupled with the prolonged contempt proceedings necessitated by the husband's contesting the wife's contempt petition resulted in the wife incurring reasonable counsel fees in this amount. Thus, she was entitled to a counsel fee award of this amount.

The evidence clearly established the husband's ability to pay. For each of the months in question, he had an average monthly balance of between $2,000 and $8,000 in his Union National Bank ac-

count. Throughout the period in which he was not making any support payments, the husband was current on a monthly truck payment of $357 and on a monthly payment of $545 due under promisory notes secured by two Rolls Royce automobiles which the husband owns. Also, the husband could at any time have sold the Rolls Royce automobiles, paid the full amount of the promisory notes with the proceeds from the sale and used the $545 that would then have been available each month for his support payments. Because the husband's failure to pay was willful throughout the period from the date of the entry of the support order to the date of the contempt hearing, the wife is entitled to be reimbursed for the reasonable necessary counsel fees incurred in order to enforce the May 30, 1986, order.

Subsection 503(6) of the Divorce Code (23 P.S. 503(6)) permits a court to utilize civil contempt proceedings for the enforcement of an order awarding alimony or alimony pendente lite. Sanctions that may be imposed in civil contempt proceedings include the award of reasonable attorney's fees and other disbursements. *Schnabel Associates v. Building and Construction Trades*, 338 Pa. Super. 376, 487 A.2d 1327, 1338 (1985); *Commonwealth ex rel. Novack v. Novack*, 310 Pa. Super. 112, 456 A.2d 208, 210-11 (1983). The only limitations as to the amount of the award are that the fees be a reasonable charge for the services performed and that the services performed be reasonably necessary to coerce the respondent into compliance. In *Bata v. Central-Penn National Bank of Philadelphia*, 448 Pa. 355, 293 A.2d 343 (1972), the Pennsylvania Supreme Court stated that there is no authority or reason to limit the amount of compensatory damages that may be awarded to the injured party in a contempt proceeding:

"Such an arbitrary limitation would enable one litigant, acting in contempt of a court order, to coerce his opponent into unjustified monetary or property concessions by capitalizing on his opponent's desire to avoid legal expense and other damages for which he could not be compensated." 293 A.2d at 353.

The husband cites no authority for his position that the amount which is due under the support order should serve as some sort of a cap on the amount of a counsel fee award. The imposition of such a cap would be inconsistent with the expedited procedures and enforcement mechanisms mandated in support proceedings by the Federal Child Support Enforcement Amendments of 1984 (42 U.S.C. §4651 et seq.) and the 1985 Pennsylvania Support Legislation (Act of October 30, 1985, P.L. 264, 23 Pa.C.S. §4301 et seq.) that are designed to provide for prompt entry of support orders and the immediate enforcement of these orders. If the amount of the claim served to limit the amount of a counsel fee award, a party would be forced to postpone enforcement proceedings until the amount of the arrearages was substantial in order to recover the reasonable counsel fees that must be incurred in order to enforce any support order. This result is contrary to the intent of the provisions of the support legislation providing for prompt enforcement and the award of reasonable counsel fees.

The amount of the arrearage claim is relevant only for purposes of determining whether the legal services performed were reasonably necessary to coerce a party into compliance and whether the fees charged for these services were reasonable charges for the services performed. This court's counsel fee award of $9,000 was supported by the testimony of Frederick N. Frank, counsel for the wife. He de-

scribed in detail the services which he and other members of his law firm provided in order to enforce the May 30, 1986, order of court. He testified that he had personal knowledge of the services provided and the time expended in providing these services. He further testified that the time expended was a fair and reasonable amount of time, that the services were necessary, and that the charges for these services were reasonable. This court found Mr. Frank's testimony to be credible. On the basis of Mr. Frank's testimony, this court found that the amounts charged for the services performed were reasonable and that the services performed were necessary to compel the husband to make the payments due under the May 30, 1986, court order.

## II.

The husband contends that counsel fees may be awarded only as costs and that court was without authority to permit the counsel fee award to be reduced to a judgment against the husband. The husband bases his contention on the following argument: The issue of the propriety of the May 30, 1986, order awarding alimony pendente lite will not be reviewed by the appellate courts until the remaining economic issues are decided. The counsel fee award is based on the husband's failure to comply with this May 30, 1986, order awarding alimony pendente lite. If the order awarding alimony pendente lite is invalid, this court had no power to compel the husband to comply with this order. Therefore, it could not award counsel fees for his failure to do so. Thus, this court cannot enter a final order compelling payment of counsel fees until such time as the order awarding alimony pendente lite becomes final.

The weakness of this argument is that the contempt finding and the award of counsel fees will not be set aside upon a showing that the court erroneously awarded alimony pendente lite. A party may not ignore an existing order because that party has not had the opportunity to challenge its validity in the appellate courts. It is well settled that an order issued by a court with jurisdiction over the subject matter and the person must be observed by the parties until it is reversed. *Ewing v. Oliver Realty Inc.,* 305 Pa. Super. 486, 451 A.2d 751, 755 (1982); *Philadelphia Marine Trade Association v. International Longshoreman's Association,* 453 Pa. 43, 49-50, 308 A.2d 98, 102 (1973). Thus, a subsequent reversal of an order which the court had jurisdiction to enter does not render invalid appropriate sanctions to enforce the order of court. *Commonwealth ex rel. Roth v. Kozakiewicz,* 86 Pa. Commw. 459, 485 A.2d 843, 846 (1984). See *Philadelphia Marine Trade Association v. International Longshoremen's Association,* supra, 308 A.2d at 102, where the Pennsylvania Supreme Court stated that:

"However, even though the preliminary injunction was invalid, that does not determine the legality of the contempt citations. It is well settled that, '. . . An order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.' *United States v. Mine Workers,* 330 U.S. 258, 293, 67 S. Ct. 677, 696, 91 L. Ed. 884 (1947)."

Since the issues raised in an appeal from the February 10, 1987, order may not include questions concerning the validity of the May 30, 1986, order, there is no merit to the husband's contention that this court cannot compel payment of counsel fees prior to an appellate court determination that the May 30, 1986, order is valid.

For these reasons, this court entered its February 10, 1987, order finding the husband to be in contempt for failure to make payments due under the May 30, 1986, order compelling payment of counsel fees and costs of $9,000 and authorizing the prothonotary, upon praecipe, to enter a judgment against the husband in this amount.